IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| INGRID LODATO, | |
|---|---|
| Plaintiff, | |
| v. | CIVIL ACTION NO. 12-1130 |
| JOSEPH SILVESTRO, ESQUIRE, et al., | |
| Defendants. | |

**OPINION**

**Slomsky, J.**  January 15, 2013

**I.  INTRODUCTION**

This case involves an allegation of attorney malpractice. Plaintiff Ingrid Lodato retained Defendant Joseph Silvestro and his law firm, Defendant Mutzel & Wesner, L.L.P., on a contingency fee basis to pursue a malpractice claim against her dentist. Years later, Defendants informed Plaintiff that her claim was time-barred because the firm had failed to file suit within the two-year statute of limitations. Plaintiff therefore initiated the instant case alleging negligence and breach of contract by Defendants for failure to timely file suit against the dentist.

Presently before the Court is Defendants' Motion to Dismiss the breach of contract claim for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. No. 8.) Specifically, Defendants argue that Plaintiff has failed to properly plead damages, which is a necessary element for a breach of contract claim under

---

[1] Defendants have not moved to dismiss the claim of professional negligence.

1

Pennsylvania law. For reasons that follow, the Court will deny Defendants' Motion to Dismiss the breach of contract claim.[2]

## II. FACTUAL BACKGROUND

From 1997 through May 2007, Fred Rosen, D.D.S. ("Dr. Rosen"), provided dental care and treatment to Plaintiff. (Doc. No. 1 ¶ 9). This treatment included, among other things, routine cleaning and maintenance, treatment of periodontal disease, tooth extraction, and oral appliance prescriptions. (Id. ¶ 10) Both during and after Dr. Rosen's care, she experienced headaches, persistent periodontal disease, failed dental implants, and a host of other problems, all of which led to increased medical expenses and employment difficulties. (Id. ¶ 11.)

In April 2007, Dr. Rosen referred Plaintiff to another dentist for a root canal. (Id. ¶ 12.) After the operation was performed, Plaintiff developed profound facial swelling, pain, infection, and an inability to open her mouth fully, causing her to spend three weeks in the Intensive Care Unit of a local hospital. (Id. ¶ 13.) In the hospital, Plaintiff was diagnosed with a severe dental infection. (Id.)

Shortly thereafter, Plaintiff sought Defendants' legal representation for a dental malpractice claim against Dr. Rosen. (Id. ¶ 15.) On December 17, 2007, Plaintiff signed a standard contingent fee agreement with Defendant Joseph Silvestro, Esquire, and his firm, Defendant Mutzel & Wesner, L.L.P. (Id. Ex. A.) The fee agreement stated, in pertinent part, the following:

> That I, [Plaintiff] do make, constitute and appoint [Defendants] as my true and lawful attorney and in my name, place and stead, to negotiate a settlement, institute, conduct, superintend and prosecute to final determination by suit or action, if necessary, a cause of action arising

---

[2] In deciding this motion, the Court has considered the following: the Complaint (Doc. No. 1); Defendants' Motion to Dismiss (Doc. No. 8); Plaintiff's Response in Opposition (Doc. No. 9); arguments of counsel at the July 10, 2012 hearing; Plaintiff's Supplemental Brief (Doc. No. 13); and Defendants' Supplemental Brief (Doc. No. 14).

2

> from an incident which occurred on or about, multiple dates, against Dr. Fred Rosen, and any and all parties responsible.
>
> . . . .
>
> It being understood and agreed that the fees of the attorney shall be on a contingent basis, whereas compensation is contingent in whole or in part upon the successful outcome of the herein described matter . . . .
>
> Actual expenses incurred on the business of the [Plaintiff] in processing this case shall be borne by the [Plaintiff].
>
> This agreement of representation is conditioned upon a finding of sufficient and lawful grounds for a lawsuit. . . .

On March 3, 2010, more than two years after the fee agreement was signed, Defendant Silvestro met with Plaintiff at her home in New Jersey. (Id. ¶ 16.) Prior to this meeting, Plaintiff was under the impression that Defendants had properly retrieved all the appropriate medical information, had acquired a qualified dentist to serve as an expert witness, and had sent her medical information to the expert witness based on Defendants' repeated representations to her. (Id. ¶ 17.) Instead, Plaintiff was told that any claim that she may have had against Dr. Rosen was now barred because Defendants had failed to file suit within the two-year statute of limitations. (Id. ¶¶ 16-18.)

On March 2, 2012, Plaintiff filed this lawsuit against Defendants for professional negligence and breach of contract for their failure to timely file suit against Dr. Rosen. (Id. ¶¶ 21-32.) According to the Complaint, for the breach of contract claim, Plaintiff seeks "to be reimbursed for the amount . . . she would have recovered from a jury or settlement of the lawsuit that the Defendants were hired to pursue on the Plaintiff's behalf." (Id. ¶ 32.) Defendants now move to dismiss solely the breach of contract claim.

## III. LEGAL STANDARD FOR MOTION TO DISMISS

Applying the principles of Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Third Circuit has set forth a three-part analysis that a district court must conduct when evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 675, 679). "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

### A. Damages Recoverable For A Civil Attorney Malpractice Claim Based On Breach of Contract Are Not Limited Solely To The Amount Paid For Legal Services

Defendants seek dismissal of Plaintiff's breach of contract claim based on Plaintiff's failure to plead recoverable damages under Pennsylvania law. Defendants' main argument is based on the holding of the Pennsylvania Supreme Court in Bailey v. Tucker, 621 A.2d 108 (Pa. 1993). In Bailey, the court limited recoverable damages in a legal malpractice claim based on breach of contract to "the amount actually paid for the services plus statutory interest." Id. at 115. Relying on Bailey, courts in the Third Circuit have dismissed breach of contract claims

4

where, as in this case, clients have not paid for legal services. See, e.g., Nuyannes v. Thompson, No. 11-2029, 2012 WL 1033912, at *11 (E.D. Pa. Mar. 27, 2012) (dismissing attorney malpractice breach of contract claims because the plaintiff provided no "explanation of the financial terms of the engagements" nor any facts to show that the defendant attorneys were ever paid); Stacey v. City of Hermitage, 02-1911, 2008 WL 941642, at *7 n.6 (W.D. Pa. Apr. 7, 2008) ("Assuming, arguendo, that the [breach of contract] claim recognized in Bailey applies in the civil context, the Amended Complaint fails to state a claim because damages under such a claim are limited to the amount paid.").

The Bailey case involved a claim of attorney malpractice in a criminal case, see Bailey, 621 A.2d at 115, and the Pennsylvania Supreme Court has never addressed whether the limitation on damages also applies to a claim where the underlying case is a civil action. As noted above, federal courts applying Pennsylvania law have held that it does, but not all courts in this Circuit have agreed with this position. See Lefta Associates v. Hurley, No. 09-2487, 2012 WL 4484948, at *22 (W.D. Pa. Sept. 27, 2012) ("[W]e find that the court should decline the invitation to read Bailey as a sweeping limitation on damages that may be recovered in contract-based malpractice civil actions.").

As identified by both parties in this case, the Pennsylvania Superior Court recently addressed Bailey's proper scope in Coleman v. Duane Morris, LLP, No. 1659 EDA 2011, 2012 WL 6625041 (Pa. Super. Ct. Dec. 20, 2012). In Coleman, the plaintiffs' business had accumulated $2.6 million in unpaid employment taxes. Id. at *1. The Internal Revenue Service held plaintiffs personally liable for the debt. Id. In an effort to eliminate this liability, plaintiffs agreed to sell the stock in their business to another company willing to assume the outstanding tax liability. Id. They hired the defendant attorneys to help negotiate the sale. Id. Plaintiffs

5

claimed they were assured that their personal liability for unpaid taxes would terminate upon sale of the stock. Id. They later learned, however, that it did not. Id. at *2. Plaintiffs then filed a legal malpractice claim against the defendants based on breach of contract. Id. They sought to recover damages based on the value of the stock, claiming it was sold in exchange for a promise of release from tax liability that they did not receive. Id. at *7. The defendants argued that, based upon Bailey, the plaintiffs had not suffered any recoverable damages under Pennsylvania law because the plaintiffs did not pay for their legal services. Id. at *2.

The court declined to follow Bailey in this context, holding instead that "the limitation on damages imposed by the Bailey Court applies to an action in assumpsit [i.e., breach of contract] based on a claim of attorney malpractice in a criminal case, but that limitation does not extend to an action for legal malpractice in assumpsit where the underlying action was . . . a civil action." Id. at *5. The court also refused to distinguish breach of contract damages in a legal malpractice action from breach of contract damages in other civil cases. See id. at *7 (reversing judgment on the pleadings in favor of defendant attorneys because "the alleged damages [the value of the stock] were such as would naturally and ordinarily result from the breach, were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and are capable of being proved with reasonable certainty").

Where, as here, a Pennsylvania federal court is sitting in diversity, the court "must predict how the [Pennsylvania Supreme] Court would rule if presented with this case." Holmes v. Kimco Realty Corp., 598 F.3d 115, 118 (3d Cir. 2010) (internal quotations and citation omitted). A federal court is not bound by a decision of the Pennsylvania Superior Court, but it may "give serious consideration to the opinion of an intermediate appellate court" when attempting to predict how the Pennsylvania Supreme Court would handle the issue. See id.

6

In this case, the Court finds the reasoning in Coleman persuasive. The Coleman court's holding — that damages recoverable in a contract-based civil attorney malpractice action are not limited solely to legal fees paid — was based on the "'substantial differences' between a criminal and a civil attorney malpractice proceeding," which the Pennsylvania Supreme Court itself noted in Bailey. Coleman, 2012 WL 6625041, at *4 (quoting Bailey, 621 A.2d at 112). For example, the Bailey court limited recoverable damages in a criminal context because "'a criminal defendant, unlike his civil counterparts, may raise the ineffectiveness of his counsel as grounds for reversal,'" and therefore he can remedy attorney malpractice in ways that are not available to a civil client. Id. (quoting Bailey, 621 A.2d at 113). The Coleman court saw no need, therefore, to extend Bailey's limitation on damages to civil attorney malpractice cases: damages for breach of contract in a civil context should be governed by the same law whether the claim is being brought against an attorney or the claim arises in a typical commercial dispute. See id. at *5-7. This Court predicts that if the Pennsylvania Supreme Court were to address the issue it would hold likewise. Therefore, Plaintiff's breach of contract claim will not be dismissed based on her failure to pay Defendants for their legal representation.

**B.  Plaintiff Has Sufficiently Pled A Breach Of Contract Claim Under Pennsylvania Law**

Defendants also argue that Plaintiff has not sufficiently pled a breach of contract claim under Pennsylvania law because the element of contract damages has not been sufficiently pled in the Complaint. The Court disagrees. "Where a plaintiff pursues a legal malpractice claim under a breach of contract theory, the plaintiff bears the burden of proving: '(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages.'" ASTech Int'l, LLC v. Husick, 676 F. Supp. 2d 389, 400 (E.D. Pa. 2009)

7

(quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). The Pennsylvania Supreme Court has defined the third element — damages — as follows:

> Where one party to a contract without any legal justification, breaches the contract, the other party is entitled to recover, unless the contract provided otherwise, whatever damages he suffered, provided (1) they were such as would naturally and ordinarily result from the breach, or (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and (3) they can be proved with reasonable certainty.

Ferrer v. Trs. of the Univ. of Pa., 825 A.2d 591, 610 (Pa. 2010) (internal quotations and citation omitted).

In the present case, accepting all well-pled facts as true, Plaintiff has sufficiently stated a claim for breach of contract under Pennsylvania law, including the damages element. First, Plaintiff signed a Contingent Fee Agreement with Defendants in which they agreed to "negotiate a settlement, institute, conduct, superintend and prosecute to final determination by suit or action, if necessary, a cause of action arising from an incident which occurred on or about, multiple dates, against Dr. Fred Rosen, and any and all parties responsible" in exchange for "compensation . . . contingent in whole or in part upon the successful outcome of the herein described matter." Second, Defendants allegedly breached that agreement by failing to file suit within the two-year statute of limitations. Lastly, Plaintiff seeks recovery of damages for present and future dental expenses, among other things, that would have been awarded to her in the dental malpractice case but for Defendants' alleged breach of contract.[3] At the motion to

---

[3] Defendants argue that Plaintiff has not pled contractual damages because they "did not (and ethically could not) guarantee that [Plaintiff] would recover anything from her treating dentist" when the Contingent Fee Agreement was signed. (Doc. No. 14 at 5.) Under Pennsylvania law, the burden is on the plaintiff to prove damages with reasonable certainty, "which at a minimum embraces 'a rough calculation that is not too speculative, vague or contingent upon some unknown factor.'" Alpart v. General Land Partners, Inc., 574 F. Supp. 2d 491, 504 (E.D. Pa. 2008) (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 226 (3d Cir. 2003)). Defendants'

dismiss stage, Plaintiff has stated a cognizable claim for resultant damages. In the Complaint, Plaintiff seeks reimbursement "for the amount . . . she would have recovered from a jury or settlement of the lawsuit that the Defendants were hired to pursue on the Plaintiff's behalf." (Doc. No. 1 ¶ 32.) Therefore, Defendants' Motion to Dismiss will be denied.[4]

## V. CONCLUSION

For the reasons stated above, the Court will deny Defendants' Motion to Dismiss the breach of contract claim. An appropriate order follows.

---

argument about the sufficiency of damages is more appropriate at the summary judgment phase of the litigation.
[4] Defendants also contend that if the Court allows the breach of contract claim to proceed, Plaintiff's request for "Attorneys' fees and costs" as part of her breach of contract claim should be dismissed. At this stage of the litigation, the Court will not decide this issue.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INGRID LODATO,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH SILVESTRO, ESQUIRE, et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 12-1130 |

# **ORDER**

**AND NOW**, this 15th day of January 2013, upon consideration of Defendants' Motion to Dismiss (Doc. No. 8), Plaintiff's Response in Opposition (Doc. No. 9), arguments of counsel at the July 10, 2012 hearing, Plaintiff's Supplemental Brief (Doc. No. 13), and Defendants' Supplemental Brief (Doc. No. 14), it is **ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 8) is **DENIED.**

2. Defendants shall file an Answer to the Complaint within twenty days from the date of this Order.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.